**Burton H. WOLFE, Plaintiff–
Appellant,**

v.

**Christina DEEB; et al., Defendants–
Appellees.**

No. 05–15519.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Decided Jan. 13, 2006.

Rehearing and Rehearing En Banc
Denied March 14, 2006.

Burton H. Wolfe, San Francisco, CA,
pro se.

Maria Mohiuddin, Esq., Johal & Mohiuddin, Douglas A. Applegate, Esq., Seiler Epstein Ziegler & Applegate LLP, Fortune Drevlow, Robert A. Bonta, San Francisco City Attorney's Office, San Francisco, CA, William E. Jemmott, Esq., for Defendants–Appellees.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Burton H. Wolfe appeals pro se from the district court's judgment dismissing his civil rights action against private individuals and city officials, seeking damages for exposure to loud music and noise generated by his neighbor, the Bambuddha Lounge. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001), and we affirm.

The district court properly dismissed Wolfe's First Amendment claim because, contrary to Wolfe's contention, the constitution does not protect a person's interest in freedom from forced listening. *See Hill v. Colorado,* 530 U.S. 703, 717 n. 24, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000) (noting that the "right [to be let alone] is more accurately characterized as an interest that state *can* choose to protect in certain situations") (emphasis added).

The district court properly dismissed Wolfe's claim that defendants violated due process by infringing on his liberty or property rights because Wolfe does not have a constitutional right to be free from noise. *See Bd. of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (a due process claim is triggered only upon a deprivation of life, liberty or property); *DeShaney v. Winnebago County Dep't of Social Services,* 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) (due process clause does not require the State to protect the life, liberty, and property of citizens against invasion by private actors).

The district court properly dismissed Wolfe's equal protection claim because he failed to allege discrimination against members of a suspect class, or implication of a fundamental constitutional right. *See Plyler v. Doe,* 457 U.S. 202, 216–17, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982).

Wolfe's remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.